ANTHONY O'DONNELL, as Administrator, etc., of CHARLES O'DONNELL, Deceased, Plaintiff, *v.* MILLING AND LIGHTING COMPANY, INC., Defendant.

Supreme Court, St. Lawrence County, August 2, 1937.

*Howard R. Sanford*, for the plaintiff.

*Allen & McClary* [*William L. Allen* of counsel] for the Malone Light and Power Company.

LAWRENCE, J. This motion on behalf of the Malone Light and Power Company is to set aside and declare null and void a judgment obtained by default in the above action.

The action is founded on a note executed by the above-named defendant to Charles O'Donnell, of whose estate the plaintiff is administrator. The note was dated January 18, 1923. It was signed in the name of the defendant corporation by Thomas D. Rockford, who appears on the note as president of the corporation. Interest on the note was paid from time to time and $1,000 was paid on the principal in 1923.

The Malone Light and Power Company became the owner of all the stock of the defendant corporation. They acquired it in or prior to 1925, and the defendant corporation was merged with the Malone Light and Power Company in 1930, pursuant to section 85 of the Stock Corporation Law. It would, therefore, seem that at the time of merger this note was an obligation of the defendant corporation and was assumed by the Malone Light and Power Company.

The plaintiff contends that the Malone Light and Power Company is estopped from questioning the judgment, for the reason that when the defendant was merged with the Malone Light and Power Company this latter company did not file evidence or statement of merger in the county clerk's office, pursuant to section 8 of the General Corporation Law. That action would not seem to be necessary as no new corporation was formed, nor was the certificate of the defendant in any way amended. The company went out of existence under section 85 of the Stock Corporation Law. I, therefore, hold that section 8 of the General Corporation Law does not apply here.

The Malone Light and Power Company contends that service of the summons, made upon Mr. Rockford, was defective. He had been treasurer of the defendant but ceased to be an officer several years before the service, and for several years before the service the defendant was not in existence. It would, therefore, seem that such service was not effective to charge the Malone Light and Power Company, and papers submitted show that the Malone Light and Power Company had no notice of the judgment until its officers were called for examination in supplementary proceedings in June, 1927.

The plaintiff contends that the Malone Light and Power Company is estopped from questioning the judgment for the reason that it allowed Rockford to remain on the property and in charge of its activities and, therefore, held out to the public that the defendant was still in existence and that the Malone Light and Power Company were responsible for the acts and conduct of Mr. Rockford as representing the defendant. The difficulty with that position seems to be that the Malone Light and Power Company was not called upon to file any certificate in the clerk's office or give notice that it was the person in interest or liable for the obligations of the defendant, and I fail to find anything on which estoppel can be predicated. The plaintiff apparently takes the position that the defendant is estopped by conduct, but the defendant was not in existence, and it is difficult to see how that could apply to the Malone Light and Power Company, as it had no active duty to perform and no new credit was extended on the strength of the activities of Rockford.

I, therefore, reluctantly come to the conclusion that the judgment is without force or effect and should be declared null and void.